# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>J. JUNG, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. CV-F-03-5942 OWW LJO P<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 59) |

Plaintiff Lonnie Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 18, 2005, the Magistrate Judge issued an order dismissing plaintiff's third amended complaint with leave to amend and a Findings and Recommendations (F&R) recommending that plaintiff's motions for preliminary injunctive relief be denied. (Docs. 46, 47.) On March 15, 2005, the undersigned adopting the Findings and Recommendations and denied plaintiff's motions for preliminary injunctive relief. (Doc. 49.) On May 23, 2005, plaintiff filed a motion for reconsideration of the F&R and the two orders.

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin

Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, when filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Plaintiff has set forth no grounds that support setting aside the Court's orders. First, plaintiff misconstrues the record. Judgment has not been entered against plaintiff, as he asserts. Plaintiff's motions for preliminary injunctive relief were denied, and plaintiff's third amended complaint was dismissed with leave to amend. No additional actions were taken by the Court in the orders at issue.

Second, plaintiff has set forth no grounds that support setting aside the orders at issue. The sole argument set forth by plaintiff is that he did not receive the F&R and order when they were first served on January 18, 2005, due to several changes in his address. Plaintiff was served with the F&R and order at his address of record with the Court. Therefore, service was deemed effective. Local Rule 83-182(f).

Regardless, assuming that plaintiff did not receive the F&R and order until late April or early May of 2005, plaintiff has made no showing that the F&R and order were clearly erroneous or contrary to law.[1] In other words, plaintiff's late receipt of the documents is not a proper ground - in and of itself - for demanding that this Court re-analyze the F&R, the order dismissing plaintiff's complaint, or the order adopting the F&R. Plaintiff bears the burden of demonstrating that the F&R and orders themselves were clearly erroneous or contrary to law. Plaintiff has not done so.

///

---

[1] On April 25, 2005, in response to plaintiff's notice that he had not received the documents, the Magistrate Judge directed the Clerk's Office to provide plaintiff with courtesy copies of the F&R and order issued on January 18, 2005.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Magistrate's F&R and order, and for reconsideration of this Court's order adopting the F&R, filed May 23, 2005, is DENIED.

2. Plaintiff's motion for free copies of his filings, set forth in the motion for reconsideration, is DENIED. Plaintiff has already been informed that he may obtain copies of filings at fifty cents per page. Court Doc. 54.

3. Plaintiff's motion for an order requiring he be provided with meaningful access to the law library, and that all his incoming and outgoing legal mail be promptly delivered, set forth in the motion for reconsideration, is DENIED. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972); Flast v. Cohen, 392 U.S. 83, 88 (1968); Court Docs. 46, 49.

IT IS SO ORDERED.

**Dated:   July 1, 2005**          /s/ Oliver W. Wanger
emm0d6                             UNITED STATES DISTRICT JUDGE