# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | CASE NO. 1:03-CV-05942-OWW-LJO-P |
| Plaintiff, | ORDER DENYING SECOND MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 71) |
| J. JUNG, et al., | |
| Defendants. | |

Plaintiff Lonnie Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 18, 2005, the Magistrate Judge issued an order dismissing plaintiff's third amended complaint with leave to amend and a Findings and Recommendations (F&R) recommending that plaintiff's motions for preliminary injunctive relief be denied. (Docs. 46, 47.) On March 15, 2005, the undersigned adopting the Findings and Recommendations and denied plaintiff's motions for preliminary injunctive relief. (Doc. 49.) On May 23, 2005, plaintiff filed a motion for reconsideration of the F&R and the two orders. (Doc. 59.) The motion for reconsideration was denied by the undersigned on July 5, 2005. (Doc. 64.) On October 6, 2005, plaintiff filed a second motion for reconsideration of this Court's order of March 15, 2005.

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,

841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, when filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The stated basis for plaintiff's second motion for reconsideration is that the Magistrate Judge vacated the F&R on September 14, 2005, and this Court's order adopting the F&R should therefore be vacated. Plaintiff misconstrues the record in this case, as set forth below.

On January 18, 2005, the Magistrate Judge issued an F&R recommending that plaintiff's motions for preliminary injunctive relief be denied. (Doc. 46.) Also on January 18, 2005, the Magistrate Judge issued an order dismissing plaintiff's third amended complaint, with leave to amend, and denying plaintiff's motion for leave to supplement his pleading. (Doc. 47.) On March 15, 2005, the undersigned adopted the F&R in full and denied plaintiff's motions for preliminary injunctive relief. (Doc. 49.) Plaintiff previously unsuccessfully sought reconsideration of the Magistrate Judge's order and of this Court's order adopting the Magistrate Judge's F&R. (Docs. 59, 64.) In the instant motion, plaintiff is seeking, for a second time, reconsideration of this Court's March 15 order adopting the F&R and denying his motions for preliminary injunctive relief. (Doc. 71.)

The F&R vacated by the Magistrate Judge on September 14, 2005, and referred to by plaintiff is his pending motion was issued by the Magistrate Judge on March 18, 2005, and recommended dismissal of this action for failure to obey a court order. (Doc. 50.) Because the vacated F&R is not

the same F&R that was adopted by the Court in its order of March 15, the Magistrate's order vacating the F&R provides no basis for the reconsideration of the order of March 15.

Accordingly, because plaintiff has set forth no grounds supporting reconsideration of the Court's March 15, 2005, order, plaintiff's second motion for reconsideration, filed October 6, 2005, is HEREBY ORDERED DENIED, with prejudice.  In addition, it is HEREBY ORDERED that no further motions for reconsideration relating to either the F&R and order issued by the Magistrate Judge on January 18, 2005, or this Court's order adopting the F&R, issued on March 15, 2005, will be considered by the Court and if filed, any such motion will be stricken from the record.

IT IS SO ORDERED.

**Dated:   October 19, 2005**            /s/ Oliver W. Wanger
emm0d6                                             UNITED STATES DISTRICT JUDGE