# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. JUNG, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-CV-5942-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 70) |

     Plaintiff Lonnie Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 6, 2005, plaintiff filed a motion seeking a court order requiring prison officials to provide plaintiff with access to the law library for four hours per week and access to legal books and resources. (Doc. 70.)

     The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

1 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
2 Id.

3 A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a
4 threshold and preliminary matter the court must have before it for consideration a "case" or
5 "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or
6 "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
7 2d 1159, 1162-63 (9th Cir. 1972). The issuance of an order concerning law library and legal material
8 access would not remedy any of the claims alleged in this action. Accordingly, the court lacks
9 jurisdiction to issue such an order.

10 To the extent that plaintiff believes he is being denied access to the courts, there are avenues
11 of relief available to plaintiff. However, plaintiff may not seek redress in this action on the basis that
12 his ability to litigate this action is being impeded. As plaintiff has been previously informed by this
13 court on more than one occasion, a preliminary injunction does not serve the purpose of ensuring that
14 plaintiff is able to litigate this action effectively. (Docs. 17, 22, 37, 43.)

15 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
16 preliminary injunctive relief, filed October 6, 2005, be DENIED.

17 These Findings and Recommendations will be submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
19 **days** after being served with these Findings and Recommendations, plaintiff may file written
20 objections with the court. The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
23 1153 (9th Cir. 1991).
24 IT IS SO ORDERED.
25 **Dated:    December 14, 2005            /s/ Lawrence J. O'Neill**
b9ed48                           UNITED STATES MAGISTRATE JUDGE
26
27
28