1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  LONNIE WILLIAMS,                        CASE NO. 1:03-CV-5942-OWW-LJO-P

10               Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DISMISSAL OF ACTION,
11        v.                               WITH PREJUDICE, FOR FAILURE TO
                                           STATE ANY CLAIMS UPON WHICH RELIEF
12  J. JUNG, et al.,                       MAY BE GRANTED UNDER SECTION 1983

13               Defendants.               (Doc. 67)
                                    /
14

15  I.    Findings and Recommendations Recommending Dismissal of Action

16        A.    Procedural History

17        Plaintiff Lonnie Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights

18  action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on July 11,

19  2003, and a first amended complaint on August 18, 2003.  On September 19, 2003, the court

20  dismissed plaintiff's first amended complaint, with leave to amend, for failure to comply with

21  Federal Rule of Civil Procedure 8(a).  Plaintiff filed a second amended complaint on October 2,

22  2003.  On February 9, 2004, the court dismissed plaintiff's second amended complaint for failure

23  to state any claims upon which relief may be granted and provided plaintiff with the opportunity to

24  file a third amended complaint, which plaintiff filed on April 9, 2004.  On January 18, 2005, the

25  court dismissed plaintiff's third amended complaint, with leave to amend, for failure to state any

26  claims upon which relief may be granted.  Now pending before the court is plaintiff's fourth

27  amended complaint, filed August 19, 2005.

28  ///

1       B.    <u>Screening Requirement</u>

2       The court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

10       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12 support of the claim or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467

13 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt</u>

14 <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this

15 standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg.</u>

16 <u>Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most

17 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395

18 U.S. 411, 421 (1969).

19       C.    <u>Summary of Plaintiff's Fourth Amended Complaint</u>

20       The claims alleged in this action stem from events that occurred at North Kern Reception

21 Center, where plaintiff was housed at the time. Plaintiff names Governor Arnold Schwarzenegger,

22 California Department of Corrections Director Suzan L. Hubbard, Inmate Appeals Branch Chief N.

23 Grannis, Assistant Manager of Case Records Unit Robert Santos, and Lieutenant R. Reed as

24 defendants. Plaintiff is seeking money damages.

25       In his fourth amended complaint, plaintiff alleges that defendant Reed found him guilty of

26 battery on an inmate, allegedly committed on December 20, 2002. As a result, plaintiff was confined

27 in a Security Housing Unit from December 20, 2002 through August 22, 2004. In addition, plaintiff

28 alleges that he lost time credits, lost the ability to earn credits and income, lost classification points,

and was libeled and slandered.  Plaintiff alleges that defendants Schwarzenegger, Grannis, and Hubbard hold decision making positions, and are responsible for defendant Reed's conduct and for failure to train.  Plaintiff alleges that defendant Santos acquiesced to the defamatory conduct and failed to prevent the dissemination of plaintiff's criminal history, history which plaintiff contends is incorrect and constitutes slander.

    D.    <u>Plaintiff's Claims</u>

        1.    <u>Due Process Claims</u>

            a.    <u>Disciplinary Conviction</u>

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id</u>. at 484.

In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake.  With the exception of the loss of time credits, plaintiff has not alleged any facts that establish the existence of any liberty interests.  <u>Id</u>.; <u>see</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88, n.9 (1976); <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  For this reason, plaintiff's claim that he was deprived of a protected liberty interest without due process of law fails.  With respect to the loss of time credits, which does implicate a liberty interest, any such claim brought under section 1983 would be barred until such time as plaintiff invalidates the result of the disciplinary hearing.  <u>Muhammad v. Close</u>, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying <u>Heck</u> to a prison disciplinary hearing where good-time credits were affected).

1                         b.     Defamation

2         Reputation alone does not implicate any "liberty" or "property" interests sufficient to invoke

3   the procedural protection of the due process clause, and something more than simple defamation by

4   a state official must be involved to establish a claim under § 1983. Paul v. Davis, 424 U.S. 693, 701

5   (1976). Accordingly, plaintiff's allegations that he was defamed are insufficient to give rise to a

6   cognizable claim for relief under section 1983.

7                     2.     Eighth Amendment Claim

8         To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

9   conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman,

10   452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials

11   must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

12   Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

13   1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of

14   confinement, prison officials may be held liable only if they acted with "deliberate indifference to

15   a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

16         The deliberate indifference standard involves an objective and a subjective prong. First, the

17   alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511

18   U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official

19   must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S.

20   at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane

21   conditions of confinement only if he knows that inmates face a substantial risk of harm and

22   disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45

23         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

24   Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

25   (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive

26   to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme

27   deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

28   Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part

1  of the penalty that criminal offenders pay for their offenses against society, only those deprivations

2  denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

3  of an Eighth Amendment violation." Id. (quotations and citations omitted).

4  Although plaintiff alleges that the actions of defendants Reed and Santos violated his rights

5  under the Eighth Amendment, plaintiff's fourth amended complaint contains no allegations that

6  would support an Eighth Amendment claim. Plaintiff has alleged no facts demonstrating that he was

7  subjected to conditions extreme enough to rise to the level of an Eighth Amendment violation or that

8  either defendant knew of and disregarded such an excessive risk to plaintiff's safety. Farmer, 511

9  U.S. at 837.

10  3.  Claim Against Defendants Schwarzenegger and Hubbard

11  Under section 1983, liability may not be imposed on supervisory personnel for the actions

12  of their employees under a theory of respondeat superior. When the named defendant holds a

13  supervisorial position, the causal link between the defendant and the claimed constitutional violation

14  must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

15  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for

16  relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

17  defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

18  the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

19  that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

20  constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

21  omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

22  Plaintiff has not alleged any facts that give rise to a claim for relief under section 1983

23  against defendants Schwarzenegger, Grannis, and Hubbard. The fact that defendants hold

24  supervisory positions is not a basis upon which liability may be imposed under section 1983, and

25  plaintiff has not alleged any facts linking them to any acts or omissions. Further, in light of

26  plaintiff's failure to state any other claims for relief, there is no basis upon which to impose liability

27  on defendants under a theory of supervisory liability.

28  ///

5

E.    <u>Conclusion</u>

The court finds that plaintiff's fourth amended complaint does not contain any claims for relief that are cognizable under section 1983.  Plaintiff has previously been given leave to amend to cure the deficiencies in his claims, but has been unable to do so.  Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 14, 2005**              **/s/ Lawrence J. O'Neill**
b9ed48                                UNITED STATES MAGISTRATE JUDGE

6